Filed: 4/28/2020 8:43 AM
Lynne Finley
District Clerk
Collin County, Texas
By Keri Crow Deputy
Envelope ID: 42590444

CAUSE NO. 471-02254-2020

| | | |
|---|---|---|
| **CHARLES G. COPELAND,** | § | **IN THE DISTRICT COURT** |
| | § | |
| | § | |
| **Plaintiff,** | § | |
| **v.** | § | |
| | § | **_____ JUDICIAL DISTRICT** |
| **ALAMO BILLING COMPANY AND MANAMED, INC.,** | § | |
| | § | |
| | § | |
| | § | |
| **Defendants.** | § | **COLLIN COUNTY, TEXAS** |

# PLAINTIFF'S ORIGINAL PETITION

**TO THE HONORABLE JUDGE OF SAID COURT:**

COMES NOW Charles G. Copeland ("Plaintiff"), and files this, his Original Petition, complaining of Alamo Billing Company and ManaMed, Inc. (collectively, "Defendants"), and for cause of action would respectfully show the Court as follows:

## I.

## DISCOVERY-CONTROL PLAN

1. Plaintiff intends to conduct discovery under Level 2 pursuant to the provisions of Rule 190.3 of the Texas Rules of Civil Procedure. See Tex. R. Civ. P. 190.1 and 190.3.

2. Plaintiff affirmatively pleads that this suit is not governed by the expedited-actions process of Rule 169 of the Texas Rules of Civil Procedure because non-monetary relief is sought. See Tex. R. Civ. P. 169.

## II.

## CLAIM FOR RELIEF

3. Plaintiff alleges the damages sought are within the subject-matter jurisdictional limits of the Court. See Tex. R. Civ. P. 47(b).

DISTRICT COURT OF COLLIN COUNTY, TEXAS



DISTRICT COURT
OF COLLIN COUNTY, TEXAS

MANAMED-000000015

4. Plaintiff seeks monetary relief of not less than $1,000,000 and non-monetary relief. See Tex. R. Civ. P. 47(c)(2).

## III.

## PARTIES AND SERVICE OF CITATION

5. Plaintiff is an individual residing in Collin County, Texas and is the Manager and sole Member of CoFour, LLC. Which is a limited liability company doing business in Collin County, Texas.

6. Defendant Alamo Billing Company ("Alamo") is a business located in Tampa, Florida and citation may be served on the Defendant at 720 E. Fletcher Avenue, Suite 225, Tampa, Florida 33612.

7. Defendant ManaMed, Inc. ("ManaMed") is a business located in Las Vegas, Nevada and citation may be served on the Defendant at 5240 W. Charleston Blvd., Las Vegas, Nevada 89146.

## IV.

## JURISDICTION

8. The Court has subject-matter jurisdiction over the lawsuit because the amount in controversy exceeds the Court's minimum jurisdictional requirements.

9. The Court has personal jurisdiction over the Defendants because Plaintiff is domiciled in Texas and the Defendants do business in Texas.

## V.

## VENUE

10. Venue is proper in Collin County, because this suit is brought on an obligation to pay money based on a contract and transaction and venue is either the county where the contract was executed and/or where some of the parties reside when the suit is commenced. Further, it is

DISTRICT COURT OF COLLIN COUNTY, TEXAS



MANAMED-000000017

Case 4:20-cv-00393-SDJ Document 1-1 Filed 05/12/20 Page 20 of 62 PageID #: 25

the county in which all or a substantial part of the events or omissions giving rise to the claim occurred. See Tex. Civ. Prac. & Rem. Code § 15.002(a)(1).

## VI.

## CAUSES OF ACTION

11. Plaintiff entered into a contract (the "Agreement") with Alamo Billing Company ("Alamo") in the fall of 2018 for billing services and collections. Alamo stated that it had in-network contracts by which it would collect on 70% of claims submitted within 60-90 days of Plaintiff forwarding the claims to Alamo. Further, Alamo stated in the Agreement that Plaintiff would receive real-time claims access via Alamo's on-line portal regarding its claims and the status of the claims process.

12. To date, Plaintiff has submitted close to $2 million in clean claims to Alamo, of which Alamo previously advised that it had only collected approximately $350,000 (17%). In addition, Alamo has never consistently provided clear visibility into its submitted claims. Plaintiff submitted clean billable claims and requested multiple times via email and conference calls with Alamo's executive team, as well as ManaMed's executive team for reporting and updates regarding its claim payments. To date, Alamo and ManaMed have provided no substantive response.

13. As of April 2019, Plaintiff stopped receiving any communications from Alamo's collections efforts. In sum, Alamo disappeared and went silent regarding its work for Plaintiff and all of its billed claims. Plaintiff called, emailed and texted Alamo, and even called ManaMed executive personnel for help in obtaining information. In response, Plaintiff has received no substantive response.

DISTRICT COURT OF COLLIN COUNTY TEXAS

Case 4:20-cv-00393-SDJ Document 1-1 Filed 05/12/20 Page 21 of 62 PageID #: 26

the county in which all or a substantial part of the events or omissions giving rise to the claim occurred. TEX. CIV. PRAC. & REM. CODE § 15.002(a)(1).

[illegible]

[illegible]

10. Plaintiff entered into a contract (the "Agreement") with Alamo Billing Company ("Alamo") in the fall of 2018 for billing, services and collections. Alamo stated that it had the [illegible] by which it [illegible] within [illegible] days of Plaintiff forwarding the claims to Alamo. Further, Alamo stated in the Agreement that Plaintiff would receive [illegible] regarding its claims and the status of [illegible] process.

11. [illegible] Plaintiff [illegible] \$2 million in client claims to Alamo, of which Alamo [illegible] that it had [illegible]. In addition, Alamo [illegible]. Plaintiff submitted [illegible] claims and [illegible] with Alamo's [illegible] regarding its [illegible]. [illegible] substantive response.

12. As of April 2019, Plaintiff [illegible] and [illegible] regarding its [illegible] Plaintiff [illegible] of its [illegible]. Plaintiff [illegible] Alamo [illegible] [illegible] to substantive response.

14. On October 24, 2019, Plaintiff received an email from Theresa Morgan from Acc U Data stating she had received money from collections that is due to Plaintiff. At this time, Plaintiff was unaware of Acc U Data and why Acc U Data had funds belonging to Plaintiff. After research and talking with the CEO of Acc U Data, Rajiv Shah, it was discovered that Acc U Data was actually performing the billing services owed by Alamo to Plaintiff. Further, Plaintiff learned from Mr. Shah that ManaMed owns Alamo. None of these facts had ever been disclosed by Alamo/ManaMed to Plaintiff.

15. Plaintiff went to visit Mr. Shah at his Acc U Data office in Florida in an effort to obtain more information regarding the status of the claims submitted to Alamo. It was learned at that time, there were more than 300 open claims outstanding and more than 200 claims that had been denied. None of this information had been disclosed to Plaintiff by Alamo. It was then decided on November 6th, 2019 by Mr. Shah and by Mr. Copeland that the 500 plus claims should be re-submitted immediately. The 500 plus claims were billed on or before November 8th, 2019. Mr. Shah agreed to provide immediate updates on the claims going forward.

16. On November 26th, 2019 Mr. Shah notified Plaintiff that his access to Co-Four's claims had been removed by Alamo and that his contract had been terminated. He also stated again that Alamo was actually owned by ManaMed and that Alamo and ManaMed were stealing from Acc U Data and Plaintiff. To date, Plaintiff still has received no information from Alamo or ManaMed regarding aforementioned 500 plus claims submitted. It also was brought to Plaintiff's attention that the claims were being billed under a contract identified as Texas Artificial Limb and Lab ("TALL") based out of El Paso.

17. Plaintiff only recently learned that Alamo and/or ManaMed has recently received more than $2 million dollars in collections and that the majority of those collections relate to the

DISTRICT COURT OF COLLIN COUNTY, TEXAS



[illegible]

DISTRICT COURT OF COLLIN COUNTY, TEXAS

MANAMED-000000021

Case 4:20-cv-00393-SDJ Document 1-1 Filed 05/12/20 Page 24 of 62 PageID #: 29

claims. Based on the information received by Plaintiff, the total outstanding to Plaintiff is approximately $1 million dollars.

18. Defendants breached the terms of the contract at issue by failing to make the payments as set forth in the contract.

19. Plaintiff has declared the balance of the contract as due and owing. After giving credit for all offsets, payments and refunds allowable*, there is due and owing on the Contract the sum of approximately $1,000,000.00 together with interest thereon at the rate as allowed by the contract and/or by law until paid in full.

VII.

## CONDITIONS PRECEDENT

20. All conditions precedent to Plaintiff's claims for relief have been performed or have occurred.

VIII.

## ATTORNEY'S FEES

21. Plaintiff asks for its attorney's fees and costs from Defendants pursuant to the terms of the contract and as allowed by law. In this regard Plaintiff will show the amount of reasonable attorney's fees incurred .

IX.

## REQUEST FOR DISCLOSURE

22. Under Texas Rule of Civil Procedure 194, Plaintiff requests that Defendants disclose, within 50 days of the service of this request, the information or material described in Rule 194.2. See Tex. R. Civ. P. 194.

DISTRICT COURT OF COLLIN COUNTY, TEXAS

MANAMED-000000022



Case 4:20-cv-00393-SDJ Document 1-1 Filed 05/12/20 Page 23 of 62 PageID #: 30

[illegible]

DISTRICT COURT OF COLLIN COUNTY, TEXAS

MANAMED-000000023

Case 4:20-cv-00393-SDJ Document 1-1 Filed 05/12/20 Page 26 of 62 PageID #: 31

## X.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays for the following:

a. Defendants be cited to appear and answer this Petition;

b. Judgment of and from Defendants in the sum of $1,000,000, plus attorneys' fees, costs and expenses of this cause of action, together with interest thereon at the rate allowed by the contract and/or by applicable law jointly and severally from Defendants, until paid in full;

c. Reasonable attorneys' fees incurred in this matter; and

d. All costs of suit, and for all such other and further relief, both general and special, at law or in equity, to which it may be justly entitled.

Respectfully submitted,

*/s/ David L. Ovard*

**DAVID L. OVARD**
State Bar No. 24008425
dovard@clarkhill.com
**CLARK HILL STRASBURGER**
2600 Dallas Parkway, Suite 600
Frisco, TX 75034
T: (469) 287-3900
F: (469-287-3999

**ATTORNEY FOR PLAINTIFF**

MANAMED-000000024

STATE OF TEXAS )
COUNTY OF COLLIN )
I, Lynne Finley, District Clerk in and for Collin County Texas, do hereby certify that the above foregoing is a true and correct copy of the original document as the same appears on the file in the District Court, Collin County, Texas. Witness my hand and seal of said Court, this the 8 day of May A.D., 20 20

LYNNE FINLEY, DISTRICT CLERK
COLLIN COUNTY, TEXAS
Taylor Elliff DEPUTY