UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| CHARLES COPELAND | § |
| | § |
| v. | §  CIVIL CASE NO. 4:20-CV-393-SDJ |
| | § |
| ALAMO BILLING COMPANY, | § |
| ET AL. | § |

**MEMORANDUM ADOPTING THE REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

Came on for consideration the Report and Recommendation of the United States Magistrate Judge ("Report"), this matter having been referred to the Magistrate Judge pursuant to 28 U.S.C. § 636. On May 3, 2021, the Report of the Magistrate Judge, (Dkt. #58), was entered containing proposed findings of fact and recommendations that Defendant ManaMed Inc.'s Motion for Summary Judgment, and in the Alternative, for Judgment on the Pleadings, (Dkt. #57), be granted and Plaintiffs Charles Copeland and CoFour, LLC's claims against Defendant ManaMed, Inc. be dismissed with prejudice. Copeland and CoFour have not submitted any objections to the Report.

When no party objects to a magistrate judge's report and recommendation within fourteen days of service, the district court "need only satisfy itself that there is no clear error on the face of the record." *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1420 (5th Cir. 1996) (cleaned up). Having assessed the Report and the record in this case, the Court determines that there is no clear error and that the Magistrate Judge's Report should be adopted.

\* \* \*

Although Copeland and CoFour did not file any objections to the Report, they submitted a "Motion for Extension of Time to Respond to Motion for Summary Judgment and Motion for Leave to File Third Amended Complaint in Response to Report and Recommendation." (Dkt. #61). The motion requests more time to respond to ManaMed's summary-judgment motion and seeks leave to file a third amended complaint.

In the motion, submitted after Copeland and CoFour's prior failure to file any response to ManaMed's summary-judgment motion and after entry of the Report, Copeland and CoFour seek relief "as a result of evidence just recently learned and which they are now able to obtain via testimony from a new key witness." The "new information" is purported to come from Mark Julian—one of the co-owners of ManaMed's co-defendant Alamo Billing Company. The motion states that an affidavit shall be provided to the Court by May 20, 2021, and, with leave of court (given that the discovery period has long since expired), deposition testimony will be obtained immediately. (Dkt. #61 at 2). No explanation is provided for why Copeland and CoFour "have just recently been able to obtain [this] information." (Dkt. #61 at 2). Moreover, May 20, 2021, has come and gone without the provision of the promised affidavit. ManaMed has filed a response in opposition, (Dkt. #62), arguing that Copeland and CoFour disregard their burden under Federal Rule of Civil Procedure 6 to show excusable neglect and fail to demonstrate how any amendment will cure the fatal defects in Copeland and CoFour's fraud and tortious interference claims.

For the reasons that follow, Copeland and CoFour's belated motion requesting an extension of time to respond to ManaMed's summary-judgment motion and motion for leave to file a third amended complaint will be denied.

## I. Request for Extension of Time

ManaMed's summary-judgment motion was filed on February 10, 2021. The Magistrate Judge's Report was issued nearly three months later, on May 3, 2021. During this time Copeland and CoFour failed to (1) respond to the summary-judgment motion, (2) request more time to respond or request additional discovery, or (3) request leave to file an amended complaint. Only after the Report was issued did Copeland and CoFour seek an extension of time to respond to the summary-judgment motion and request leave to file a third amended complaint. Copeland and CoFour's requests are without merit.

"When an act may or must be done within a specified time, the court may, for good cause, extend the time . . . on motion made after the time has expired if the party failed to act because of excusable neglect." FED. R. CIV. P. 6(b)(1)(B). The factors relevant to the excusable neglect inquiry include: "the danger of prejudice to the [non-movant], the length of the delay and its potential impact on the judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Adams v. Travelers Indem. Co.*, 465 F.3d 156, 161 n.8 (5th Cir. 2006) (alteration in original) (citing, among others, *Pioneer Inv. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395–97, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993)). "Even if good cause and excusable neglect are shown, it nonetheless remains a question of the court's discretion whether to grant any motion

to extend time under Rule 6(b)." *McCarty v. Thaler*, 376 F. App'x 442, 443 (5th Cir. 2010) (per curiam).

Here, the length of delay weighs against a finding of excusable neglect. Under the local rules, a party opposing a motion for summary judgment has twenty-one days to file a response. Local Rule CV-7(e). The deadline to file a response to ManaMed's summary-judgment motion was March 3, 2021. Seventy-five days after their deadline to respond, and only after the Magistrate Judge had already recommended dismissal of their claims, Copeland and CoFour seek relief. Under the circumstances, such a period of delay is unreasonable. *See, e.g., Dykes v. Cleveland Nursing & Rehab. Ctr.*, No. 4:15-CV-00076-DMB-JMV, 2016 WL 6462086, at *2 (N.D. Miss. Oct. 31, 2016) (finding a "three-month delay in seeking an extension after the deadline passed weighs against a finding of excusable neglect" because "such a delay would, in turn, delay a ruling on the motion by re-opening the briefing period without sufficient justification").

Copeland and CoFour's purported reason for delay also weighs against a finding of excusable neglect. Copeland and CoFour claim they have discovered new evidence, particularly the anticipated testimony of Mr. Julian, a co-owner of Alamo, but fail to explain why they did not previously secure Julian's testimony during the discovery period or otherwise file a request under Federal Rule of Civil Procedure 56(d) to delay the Court's consideration of the summary-judgment motion until Julian's testimony could be obtained. To the contrary, ManaMed asserts, and Copeland and CoFour do not dispute, that "Plaintiffs did not serve a single timely discovery request or depose a single person in this lawsuit." (Dkt. #57 at 3). Further, Copeland and CoFour have claimed that that they would support their requested extension by

submitting an affidavit from Julian by no later than May 20, 2021. (Dkt. #61). Three months later, the referenced affidavit from Julian has not been submitted to the Court. In sum, Copeland and CoFour have failed to show excusable neglect for their failure to timely respond to ManaMed's summary-judgment motion.

## II. Request for Leave to Amend

As an initial matter, "[m]otions for leave to file a document should be filed separately and immediately before the document for which leave is sought." Local Rule CV-7(k). Copeland and CoFour do not offer a proposed amended complaint. In any event, Copeland and CoFour further fail to demonstrate good cause to amend.

Federal Rule of Civil Procedure 16(b) governs Copeland and CoFour's request for leave. *S&W Enters., L.L.C. v. SouthTrust Bank of Ala., N.A.*, 315 F.3d 533, 536 (5th Cir. 2003). "While Federal Rule of Civil Procedure 15(a) provides that leave to amend shall be 'freely' given, Rule 16(b)(4) limits modifications to a scheduling order to situations where good cause is shown." *United States ex rel. Bias v. Tangipahoa Par. Sch. Bd.*, 816 F.3d 315, 328 (5th Cir. 2016). The good cause standard requires the "party seeking relief to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension." *S&W Enters.*, 315 F.3d at 535 (quoting 6A Charles Alan Wright & Arthur R. Miller, FEDERAL PRACTICE AND PROCEDURE § 1522.1 (2d ed. 1990)). A court considers the following four factors when determining if good cause has been shown: "(1) the explanation for the failure to [timely move for leave to amend]; (2) the importance of the [amendment]; (3) potential prejudice in allowing the [amendment]; and (4) the availability of a continuance to

cure such prejudice." *Bias*, 816 F.3d at 328 (alterations in original) (quoting *S&W Enters.*, 315 F.3d at 536).

Relevant to the good cause analysis is the fact that the deadline for Copeland and CoFour to file amended pleadings was November 5, 2020—over six months prior to the amendment request. (Dkt. #20 at 1). The discovery deadline was January 28, 2021. (Dkt. #20 at 2). Further, the dispositive motions deadline was February 10, 2021, and the Magistrate Judge has already rendered a recommendation on the pending dispositive motion. (Dkt. #20 at 2–3). Allowing Copeland and CoFour to amend now would significantly prejudice ManaMed. There has been considerable delay in Copeland and CoFour moving this case forward. In addition, Copeland and CoFour have had three prior iterations of their live pleading: the original petition in state court, the amended complaint following removal, and the second amended complaint. (Dkts. #3, #27, #43). In this regard, the Court notes that, before seeking summary judgment ManaMed had repeatedly moved to dismiss the fraud and tortious interference claims asserted against it. In response, Copeland and CoFour amended their complaint. After obtaining leave to file their Second Amended Complaint, the Magistrate Judge expressly admonished Copeland and CoFour that no further amendment would be permitted prior to the Court addressing any motion to dismiss.

Despite the Magistrate Judge's admonishment, Copeland and CoFour offer little explanation for their belated attempt to avoid dismissal through yet another pleading amendment, other than their claim that "evidence [] is now available" that would supposedly support the claims made against ManaMed. This case has been on file more than a year and the relevant deadlines in the scheduling order have long

since passed. Copeland and CoFour fail to show "what would be accomplished by further amendment" if the Court permitted it. *See Molina-Aranda v. Black Magic Enters., L.L.C.*, 983 F.3d 779, 789 (5th Cir. 2020). Plainly, the "good cause" factors weigh against amendment.

## CONCLUSION

It is therefore **ORDERED** that Plaintiffs Copeland and CoFour's "Motion for Extension of Time to Respond to Motion for Summary Judgment and Motion for Leave to File Third Amended Complaint in Response to Report and Recommendation," (Dkt. #61), is **DENIED**.

It is further **ORDERED** that Defendant ManaMed Inc.'s Motion for Summary Judgment, and in the Alternative, for Judgment on the Pleadings, (Dkt. #57), is **GRANTED**. Plaintiffs Charles Copeland and CoFour, LLC's claims against Defendant ManaMed, Inc. are **DISMISSED with prejudice**.

So ORDERED and SIGNED this 13th day of August, 2021.

_____
SEAN D. JORDAN
UNITED STATES DISTRICT JUDGE